**CADILLAC INDUSTRIES, INC., Plaintiff,**

v.

**AMALGAMATED CLOTHING & TEXTILE WORKERS UNION, Defendant.**

**Civ. No. 90–2210 GG.**

United States District Court, D. Puerto Rico.

Aug. 30, 1991.

Ivette González Buitrago, Goldman Antonetti Ferraiuoli & Axtmayer, San Juan, P.R., for plaintiff.

José Carreras Rovira, Hato Rey, P.R., for defendant.

**OPINION AND ORDER**

GIERBOLINI, District Judge.

The issue before the court is whether a discharge effectuated after the termination of a collective bargaining agreement is arbitrable.

### I. BACKGROUND

On September 30, 1988, the collective bargaining agreement between the Amalgamated Clothing & Textile Workers Union (the "Union") and Cadillac Industries, Inc. ("Cadillac") expired. More than a year later, on October 16, 1989, Isabel Sepúlveda Marrero was discharged and the Union, pursuant to the arbitration clause [1] of the expired agreement, submitted the discharge for arbitration alleging that Sepúlveda Marrero was discharged without

---

**1.** The arbitration clause, Article XVI–B, provides in pertinent part:

Any and all matters in dispute between the parties which they have failed to adjust and *any and all matters requiring mutual agreement* ... shall be submitted to Professor David Helfeld, who is hereby designated as the arbitrator for this purpose, or any person designated by him.

just cause. Cadillac refused to arbitrate contending that since that collective bargaining agreement had expired, the arbitration clause was no longer in effect.

The Union and Cadillac agreed to submit for arbitration the issue of whether a discharge effectuated after the expiration of the collective bargaining agreement was arbitrable. On August 14, 1990, the arbitrator issued an award concluding that under *Nolde Bros, Inc. v. Bakery & Confectionery Workers*, 430 U.S. 243, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977), the arbitration provision of the expired collective bargaining agreement remained in full force and effect with respect to the discharge and other grievances. On September 12, 1990, Cadillac filed this action seeking to vacate the arbitration award and on April 10, 1991, it filed a motion for summary judgment.[2]

## II. SUMMARY JUDGMENT

Summary judgment is appropriate if "there is no genuine issue as to any material fact and [the party seeking summary judgment] is entitled to a judgment as a matter of law." F.R.Civ.P. 56(c). This controversy involves only an issue of law; whether parties are required to arbitrate grivances that arise after the expiration of a collective bargaining agreement. *Cf. AT & T Technologies of America v. Communications Workers*, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) (whether a collective bargaining agreement creates a duty for the parties to arbitrate a particular grievance is a matter of law for the court to determine).

## III. DISCUSSION

In *Nolde Bros, Inc. v. Bakery & Confectionery Workers*, 430 U.S. 243, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977), the Supreme Court considered whether a contractual dispute over severance pay was arbitrable pursuant to the arbitration clause of an expired collective bargaining agreement. The agreement between the company and the union contained an all-encompassing arbitration clause and a provision requiring "severance pay on termination of employment for all employeees having three or more years of active service." 430 U.S. at 245, 97 S.Ct. at 1069. After the agreement was cancelled, the company refused to grant severance payments to eligible employees and to arbitrate the severance pay dispute. The company argued that its obligation to arbitrate grievances terminated at the expiration of the collective bargaining agreement. The union sued seeking an order compelling the company to arbitrate or, in the alternative, judgment in its favor on the severance pay dispute.

The Supreme Court held that the company was compelled to arbitrate the severance dispute because the dispute clearly arose under the agreement and "the presumptions favoring arbitrability must be negated expressly or by clear implication." 430 U.S. at 255, 97 S.Ct. at 1074. After *Nolde*, it seems reasonable to conclude that the failure of the parties to exclude from an arbitration provision disputes arising shortly after the termination of the collective bargaining agreement subjects these disputes to arbitration. The *Nolde* court stated

> The parties agreed to resolve all disputes by resort to the mandatory grievance-arbitration machinery established by their collective-bargaining agreement. The severance-pay dispute, as we have noted, would have been subject to resolution under those procedures had it arisen during the contract's term. However, *even though the parties could have so provided, there is nothing in the arbitration clause that expressly excludes from its operation a dispute which arises under the contract, but which is based on events that occur after its termination.* The contract's silence, of course, does not establish the parties' intent to resolve post-termination grievances by arbitration. But in the absence of some contrary indication, there are

---

**2.** On April 26, 1991, defendant Union moved for an extension of time to oppose Cadillac's motion for summary judgment. On May 8, the Magistrate ordered the opposition to be filed "forthwith." (Docket number 15). The defendant failed to appeal the Magistrate's order or to present any opposition to Cadillac's motion.

strong reasons to conclude that the parties did not intend their arbitration duties to terminate automatically with the contract. Any other holding would permit the employer to cut off all arbitration of severance-pay claims by terminating an existing contract simultaneously with closing business operations.

430 U.S. at 252–53, 97 S.Ct. at 1072–73 (emphasis added).

However, the *Nolde* decision was subject to conflicting interpretations. Are post-termination disputes always arbitrable in the absence of language limiting arbitration to pre-termination disputes, or are these disputes only arbitrable when they "arise" under the bargaining agreement?

The arbitrator in this case recognized that the Courts of Appeal had disagreed on the proper interpretation of *Nolde*. Although professing to stay clear of the debate among the Circuit Courts, since it was of "secondary importance", the arbitrator interpreted *Nolde* broadly to create the following presumption; in the absence of an express or clearly implied negation of arbitrating post-termination disputes, these disputes were arbitrable. The arbitrator concluded that

> [t]he lesson which *Nolde* teaches is that if the parties do not wish an arbitration clause to have any effect after the contract's expiration date, they must express such intention "expressly or by clear implication." If they fail to do so, arbitrability will be presumed.

(Opinion at 18).

Turning to the question at hand, the arbitrator noted that the scope and definition of "grievance" and the scope of the arbitration clause of the expired agreement were broad. (*See* Opinion, at 16). Since he found no explicit or implied negation of the presumption of arbitrability of post-expiration disputes in the expired agreement, the arbitrator concluded that the discharge grievance subject of this suit was arbitra-ble, although it arose more than a year after the expiration of the collective bargaining agreement.

The company argues that the arbitrator erred, as a matter of law, in its interpretation and application of *Nolde* to this case. In its decision, the Arbitrator failed to consider whether the discharge dispute *arose under the contract.* Furthermore, in a telling footnote in *Nolde*, the Supreme Court stated "we need not speculate as to the arbitrability of post-termination contractual claims which, unlike the one presently before us, are not asserted within a reasonable time after the contract's expiration." 430 U.S. at 255 n. 8, 97 S.Ct. at 1074 n. 8. Arguably, this footnote places the facts of this case beyond the scope of the *Nolde* doctrine, whether interpreted narrowly or broadly. *See, e.g., Chauffeurs, Teamsters and Helpers v. C.R.S.T., Inc.,* 795 F.2d 1400, 1404 (8th Cir.), *cert. denied,* 479 U.S. 1007, 107 S.Ct. 647, 93 L.Ed.2d 702 (1986).

Unlike the arbitrator in this case, we do not have to take sides on the debate regarding whether *Nolde* creates a broad or narrow presumption in favor of arbitering post-termination disputes. That debate has been rendered academic by the Supreme Court's most recent pronouncement on the proper application of *Nolde*. In *Litton Financial Printing Div. v. NLRB,* — U.S. ——, 111 S.Ct. 2215, 115 L.Ed.2d 177 (1991), the Court held that a post-expiration dispute remains arbitrable only if the dispute has its real source in the collective bargaining agreement.[3] A post-termination dispute arises under the agreement

> only where it involves facts and occurrences that arose before expiration, where an action taken after expiration infringes a right that accrued or vested under the agreement, or where, under normal principles of contract interpretation, the disputed contractual right sur-

---

3. *Litton* overrules *Nolde* to the extent that it has been interpreted to hold that the arbitrability of a post-expiration grievance is presumed unless the parties include a clause in the agreement to void the effect of the arbitration clause upon the expiration of the agreement. The *Litton* majori-ty reversed the *Nolde* presumption by stating that if "parties who favor labor arbitration during the term of a contract also desire it to resolve postexpiration disputes, the parties can consent to that arrangement by explicit agreement." 111 S.Ct. at 2222.

vives expiration of the remainder of the agreement.

111 S.Ct. at 2225.

In *Litton*, the issue was whether a layoff dispute was arbitrable. Almost one year after the expiration of the collective bargaining agreement, the company laid off 10 employees, including 6 of its most senior employees. The Union argued that the dispute over the layoffs arose under the expired agreement because the layoff provision of the terminated agreement constituted a form of deferred compensation analogous to the severance pay at issue in *Nolde*. The severance provision provided that "in case of layoffs, lengths of continuous service will be the determining factor if other things such as aptitude and ability are equal." *Litton*, 111 S.Ct. at 2227. The Court held that the factors of aptitude and ability listed in the severance provision "do not remain constant, but change over time [and therefore, these factors] cannot be said to vest or accrue or be understood as a form of deferred compensation." *Id.*

The right at issue in this case—the right to be discharged only for just cause—cannot be said to have accrued or vested during the life of the collective bargaining agreement. "[I]t is strictly a creature of the collective bargaining agreement and its life as a matter of contract does not extend beyond contract expiration." *Chauffeurs*, 795 F.2d at 1404. *See also* 111 S.Ct. at 2225 ("[A]n expired contract has by its own terms released all parties from their respective contractual obligations, except obligations already fixed under the contract but as yet unsatisfied."). In light of *Litton*'s emphasis that arbitration requires contractual consent,[4] we conclude that the discharge grievance does not have to be submitted to arbitration.[5]

## IV. CONCLUSION

In view of the foregoing reasons, plaintiff's motion for summary judgment is GRANTED. The decision of the arbitrator holding that the postexpiration dispute in this case is arbitrable is hereby VACATED and SET ASIDE. Judgment will be entered accordingly.

SO ORDERED.

---

4. *Chicago Typographical Union v. Chicago Sun Times,* 935 F.2d 1501, 1510 (7th Cir.1991).

5. We emphasize that our decision has no bearing on whether the discharge was for just cause.